Hon. _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

UNITED STATES OF AMERICA, ON BEHALF OF THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION AND THE UNITED STATES DEPARTMENT OF THE INTERIOR; THE STATE OF WASHINGTON THROUGH THE WASHINGTON DEPARTMENT OF ECOLOGY; MUCKLESHOOT INDIAN TRIBE; SUQUAMISH TRIBE,

Plaintiffs,

v.

VIGOR INDUSTRIAL LLC, and EXXON MOBIL CORPORATION,

Defendants.

Case No. CV- 21-44

COMPLAINT

COMPLAINT - 1 -

U. S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Plaintiffs United States of America, by authority of the Attorney General, on behalf of the National Oceanic and Atmospheric Administration of the Department of Commerce and the Department of the Interior; State of Washington through the Washington Department of Ecology; Suquamish Tribe; and Muckleshoot Indian Tribe, allege as follows:

## I. GENERAL ALLEGATIONS

1. This is a civil action under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607(a); Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; Section 1002(b) of the Oil Pollution Act (OPA), 33 U.S.C. § 2702(b); and the Model Toxics Control Act (MTCA), RCW 70A.305, for damages for injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances and discharges of oil into the Lower Duwamish River and Elliott Bay in Seattle, Washington.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b); Section 311(n) of the CWA, 33 U.S.C. § 1321(n); Section 1017(b) of OPA, 33 U.S.C. § 2717(b); and 28 U.S.C. §§ 1331, 1345 and 1367(a).

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b); Section 1017(b) of OPA, 33 U.S.C. § 2717(b); and 28 U.S.C. § 1391(b) and (c).

## III. THE SITE

4. The Lower Duwamish River is a highly industrialized river that flows into Elliott Bay in Seattle, Washington.

5. The Lower Duwamish River includes the in-waterway portions of three Superfund Sites: the Harbor Island Site (located south of downtown Seattle, Washington, including the East Waterway and West Waterway that flow from the south end of Harbor Island north to Elliott Bay), the Lower Duwamish Waterway Site (approximately 5 miles of the Duwamish River from the southern tip of Harbor Island south to the area around the Norfolk Combined Sewer Overflow/Storm Drain in Tukwila, Washington), and the Lockheed West Site (areas in and around the site formerly known as Lockheed Shipyard No. 2, located near the confluence of the West Waterway and Elliott Bay).

6. The "Lower Duwamish River" as used in this Complaint means any portion of the river (including the shoreline, intertidal areas, tributaries, estuaries and bottom sediments) in the State of Washington where hazardous substances and oil originating from the property identified in Appendix A have come to be located.

7. "Elliott Bay" as used in this Complaint means any portion of Elliott Bay (including the shoreline, intertidal areas, tributaries, estuaries and bottom sediments) in the State of Washington where hazardous substances and oil originating from the property identified in Appendix A have come to be located.

8. The Lower Duwamish River and Elliott Bay are contaminated with oil and a variety of hazardous substances, including arsenic, antimony, cadmium, chromium, copper, mercury, nickel, lead, zinc, bis(2 ethylhexyl) phthalate, hexachlorobenzene, hexachlorobutadiene, tributyltin (TBT), polychlorinated biphenyls (PCBs), and polycyclic aromatic hydrocarbons (PAHs). Overall, the Trustees have identified the presence of over 30 hazardous substances in the sediments of the Lower Duwamish River.

9. The Lower Duwamish River and Elliott Bay are "navigable waters" within the meaning of Section 1001(21) of OPA, 33 U.S.C. § 2701(21), and Sections 311 and 502(7) of the CWA, 33 U.S.C. §§ 1321 and 1362(7).

## IV. PLAINTIFFS

10. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), and 40 C.F.R. § 300.600, the United States is trustee for certain natural resources in the Lower Duwamish River and Elliott Bay.

11. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), 40 C.F.R. § 300.605, Ch. 43.21A RCW, Ch. 70A.305 RCW, and Ch. 90.48 RCW, the State of Washington is trustee for certain natural resources in the Lower Duwamish River and Elliott Bay.

12. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Suquamish Tribe is trustee for certain natural resources in the Lower Duwamish River and Elliott Bay.

13. Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Muckleshoot Indian Tribe is trustee for certain natural resources in the Lower Duwamish River and Elliott Bay.

## V. DEFENDANTS

14. Defendant Vigor Industrial LLC ("Vigor") acquired Todd Shipyards Corp. in 2011, and is the parent of Todd Shipyards Corp. (n/k/a Puget Sound Commerce Center, Inc.), the owner and operator of the property identified in Appendix A from at least 1967 to the present. At all relevant times, Vigor, and its

subsidiary, Todd Shipyards Corp., have owned and operated a shipyard for the construction and repair of various types of vessels at the property. At relevant times, Vigor managed, directed, or controlled environmental compliance at the Facility owned and operated by Todd.

15. Defendant Exxon Mobil Corporation ("Exxon Mobil"), and its predecessors, owned a portion of the property identified in Appendix A from about 1906 to August 1967. During this time period, Exxon Mobil, and its predecessors, operated a petroleum storage facility at the property. Exxon Mobil sold the property to Todd Shipyards Corp. in or around August 1967.

16. The property identified in Appendix A is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9). Investigations have detected oil and hazardous substances in soils, groundwater or sediments at and near the facility.

17. During Defendants' periods of ownership and operation of the facility identified in Appendix A, oil and hazardous substances were discharged and released to the Lower Duwamish River and Elliott Bay through direct discharge or other process discharges, and some of these hazardous substances are found in the sediments of the Lower Duwamish River and Elliott Bay. Discharges were to "navigable waters" or "adjoining shorelines" within the meaning of Section 1002(a) of OPA, 33 U.S.C. § 2702(a), and Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3). Hazardous substances released from the property and found in the sediments of the Lower Duwamish River and Elliott Bay include, but are not limited to, PAHs, PCBs, TBT and metals.

## VI. FIRST CLAIM FOR RELIEF

18. Plaintiffs reallege paragraphs 1 through 17.

19. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part, as follows:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> …shall be liable for, . . .
>
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; . . .

20. Materials disposed of and released in the Lower Duwamish River and Elliott Bay by Defendants include, but are not limited to, PAHs, PCBs, TBT and metals which are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

21. The property owned and operated, or formerly owned and operated, by Defendants, identified in Appendix A, is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. Releases of hazardous substances, including but not limited to PAHs, PCBs, TBT and metals have occurred in the Lower Duwamish River and Elliott Bay within the meaning of Sections 101(22) of CERCLA, 42 U.S.C. § 9601(22). The releases of these hazardous substances in the Lower Duwamish River and Elliott Bay from the facility owned and operated, or formerly owned and operated, by Defendants have resulted in injury to, destruction of, or loss of natural resources within the trusteeship of one or more of the Plaintiffs.

23. Defendants are each a person within the meaning of Section 107 of CERCLA, 42 U.S.C. § 9607.

24. Defendants are liable to Plaintiffs for natural resource damages resulting from releases of hazardous substances pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

### VII. SECOND CLAIM FOR RELIEF

25. Plaintiffs reallege paragraphs 1 through 24.

26. Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides in pertinent part, as follows:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) of this section that result from such incident.

27. Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), makes responsible parties liable for:

> Damages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian Tribe trustee, or a foreign trustee.

28. The property owned and operated, or formerly owned and operated, by Defendants, identified in Appendix A, is a facility within the meaning of Sections 1001(9) and 1002 of OPA, 33 U.S.C. §§ 2701(9) and 2702.

29. Section 1001(32) of OPA, 33 U.S.C. § 2701(32), makes owners and operators of onshore facilities responsible parties for damages resulting from the discharge of oil from those facilities.

30. The discharge of oil into the Lower Duwamish River, Elliott Bay or adjoining shorelines from the facility owned and operated, or formerly owned and operated, by Defendants identified in Appendix A has resulted in injury to, destruction of, or loss of natural resources within the trusteeship of one or more of the Plaintiffs.

31. Defendants are liable to Plaintiffs for natural resource damages resulting from discharges of oil pursuant to Section 1002 of OPA, 33 U.S.C. § 2702.

## VIII. THIRD CLAIM FOR RELIEF

32. Plaintiffs the United States and the State of Washington reallege paragraphs 1 through 31.

33. Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), provides in pertinent part, as follows:

> The discharge of oil or hazardous substances (i) into or upon the navigable waters of the United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . . or which may affect natural resources belonging to, appertaining to, or under the exclusive management authority of the United States . . . in such quantities as may be harmful as determined by the President under paragraph (4) of this subsection, is prohibited . . . .

34. Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2), provides in pertinent part, as follows:

> Except where an owner or operator of an onshore facility can prove that a discharge was caused solely by (A) an act of God, (B) an act of war, (C) negligence on the part of the United States Government, or (D) an act or omission of a third party without regard to whether an such act or omission was or was not negligent, or any combination of the foregoing clauses, such owner or operator of any such facility from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section shall be liable to the United States Government for the actual costs incurred under subsection (c) of this section for the removal of such oil or substance by the United States Government

. . . .

35. Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4), provides in pertinent part, as follows:

> The costs of removal of oil or a hazardous substance for which the owner or operator of a vessel or onshore or offshore facility is liable under subsection (f) of this section shall include any costs or expenses incurred by the Federal Government or any State government in the restoration or replacement of natural resources damaged or destroyed as a result of a discharge of oil or a hazardous substance in violation of subsection (b) of this section.

36. The property owned and operated, or formerly owned and operated, by Defendants identified in Appendix A is an onshore facility within the meaning of Section 311(f)(1) of the CWA, 33 U.S.C. § 1321(f)(1).

37. There have been discharges of hazardous substances in harmful quantities into the Lower Duwamish River, Elliott Bay and adjoining shorelines from the facility.

38. Discharges of hazardous substances from the facility into the Lower Duwamish River, Elliott Bay or adjoining shorelines have affected, damaged or destroyed natural resources belonging to, appertaining to, or under the exclusive management authority of the United States.

39. Defendants are liable to the United States and State of Washington for natural resource damages resulting from discharges of hazardous substances into the Lower Duwamish River, Elliott Bay, or adjoining shorelines pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f).

## IX. FOURTH CLAIM FOR RELIEF

40. Plaintiff the State of Washington realleges paragraphs 1 through 39.

41. MTCA, RCW 70A.305.040, provides in pertinent part as follows:

(1) Except as provided in subsection (3) of this section, the following persons are liable with respect to a facility:

(a) The owner or operator of the facility;

(b) Any person who owned or operated the facility at the time of disposal or release of the hazardous substances;

(c) Any person who owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the facility, or arranged with a transporter for transport for disposal or treatment of the hazardous substances at the facility, or otherwise generated hazardous wastes disposed of or treated at the facility;

(d) Any person (i) who accepts or accepted any hazardous substance for transport to a disposal, treatment or other facility selected by such person, from which there is a release or a threatened release for which remedial action is required, unless such facility, at the time of disposal or treatment, could legally receive such substance; or (ii) who accepts a hazardous substance for transport to such a facility and has reasonable grounds to believe that such facility is not operated in accordance with RCW 70A.300; and

(e) Any person who both sells a hazardous substance and is responsible for written instructions for its use if (i) the substance is used according to the instructions and (ii) the use constitutes a release for which remedial action is required at the facility.

(2) Each person who is liable under this section is strictly liable, jointly and severally, for . . . all natural resource damages resulting from the releases or threatened releases of hazardous substances.

42. Materials disposed of and released in the Lower Duwamish River and Elliott Bay from the property owned and operated, or formerly owned and operated, by Defendants identified in Appendix A include hazardous substances within the meaning of RCW 70A.305.020(13).

43. The property identified in Appendix A is a facility within the meaning of RCW 70A.305.020(8).

44. Releases or threatened releases of hazardous substances have occurred in the Lower Duwamish River and Elliott Bay within the meaning of RCW 70A.305.020 and 70A.305.040.

45. The natural resources that have been and continue to be injured, destroyed, or lost by the release of hazardous substances from the facility owned or operated, or formerly owned or operated, by the Defendants include fish, shellfish, invertebrates, birds, sediments, and other such natural resources.

46. The State of Washington has incurred and continues to incur costs related to the assessment of injury to natural resources caused by the releases of

hazardous substances from the facility owned or operated, or formerly owned or operated, by the Defendants identified in Appendix A.

47. Pursuant to RCW 70A.305.040(2), Defendants are jointly and severally liable to the State of Washington for all damages to natural resources in the Lower Duwamish River and Elliott Bay, resulting from the release of hazardous substances at or from the Defendants' owned and operated, or formerly owned and operated, facility.

## X. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants:

(1) For damages for injury to natural resources resulting from the discharges of oil or releases of hazardous substances in the Lower Duwamish River and Elliott Bay, including the cost of assessing such damages; and

(2) Awarding Plaintiffs such other and further relief as this Court may deem appropriate.

Dated: January 14, 2021

UNITED STATES OF AMERICA

JONATHAN D. BRIGHTBILL
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20530

/s ERIKA M. WELLS
ERIKA M. WELLS
Senior Counsel
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice, c/o NOAA
7600 Sand Point Way, NE
Seattle, Washington 98115
(206) 526-6608


STATE OF WASHINGTON

ROBERT FERGUSON
Attorney General


/s Jonathan Thompson
JONATHAN THOMPSON
Assistant Attorney General
2425 Bristol Court S.W.
P.O. Box 40117
Olympia, WA 98504 0117



SUQUAMISH TRIBE


/s Melody Allen
MELODY ALLEN
Suquamish Tribe
Office of Tribal Attorney
P.O. Box 498
Suquamish, WA 98392-0498

(360) 394 8488

MUCKLESHOOT INDIAN TRIBE

/s Robert L. Otsea
ROBERT L. OTSEA, JR., WSBA #9367
Muckleshoot Indian Tribe
39015 172nd Avenue SE
Auburn, WA 98092
(253) 939 3311

/s Trent S.W. Crable
TRENT S.W. CRABLE, WSBA #38227
Muckleshoot Indian Tribe
39015 172nd Avenue SE
Auburn, WA 98092
(253) 876 3185

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2021, a copy of the foregoing, COMPLAINT, was served by the Court's CM/ECF system upon all persons registered to receive filings in this matter. In addition, I served a copy via electronic mail to the following counsel:

*Counsel for Defendant Vigor Industrial, LLC*

>    Charles Blumenfeld
>    Perkins Coie LLP
>    (206) 359-6364
>    cblumenfeld@perkinscoie.com

*Counsel for Defendant Exxon Mobil Corp.*

>    Kevin J. Vaughan
>    Senior Counsel, Environmental & Safety
>
>    Exxon Mobil Corporation
>    22777 Springwoods Village Pkwy., N1.4A.481
>    Spring, TX  77389
>    Phone – 832-625-8251
>    kevin.j.vaughan@exxonmobil.com

    s/ Erika M. Wells